## MAJESTIC CONCRETE PUMPING, INC. and FIREMAN'S FUND INSURANCE CO., Plaintiffs

v.

## THE WEST INDIAN COMPANY, LTD., Defendant

v.

## ASIRTA, INC. d/b/a/ TRISA LINE, M/S METEOOR, K. NIELSEN SHIPPING AND TRADING COMPANY, INC., COSTA INTERNATIONAL FREIGHT CARIBBEAN AGENCIES, INC., Third-Party Defendants

Civil No. 79-43

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 6, 1981

FREDERICK G. WATTS, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for plaintiffs*

JAMES W. DIEHM, ESQ. (ISHERWOOD, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for defendant*

MARIA T. HODGE, ESQ., St. Thomas, V.I., *for third-party defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

The issue before this Court is whether we can exercise in personam jurisdiction over third-party defendant Costa International Freight (Costa) without trenching on its constitutional due process rights. See Fed. R. Civ. P. 12(b)(2). Because foreseeability alone without any significant connection with the forum has never been a sufficient benchmark for the exercise of personal jurisdiction over a nonresident defendant, the third-party complaint against Costa must be dismissed. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980).

Majestic Concrete Pumping, Inc. (Majestic) and Fireman's Fund Insurance Co. filed this action asserting that West Indian Co. (WICO) negligently dropped Majestic's truck onto WICO's pier as it was taken off the ship. WICO, in turn, filed a third-party complaint against the above-captioned third-party defendants arguing that the defendants failed to adequately determine and record the weight of the truck thereby causing the accident.

Costa is an ocean freight forwarder that provides various services intended to facilitate the movement of cargo from U.S. inland points of origin to dockside at Miami, Florida. At dockside Costa receives and documents the goods before turning them over to an ocean going carrier.

The facts presented by affidavit[1] show that Costa is a sole proprietorship located in Miami, Florida. It has no salesmen, offices or agents in the Virgin Islands. Costa does not engage in a consistent course of conduct here nor does it derive substantial revenue from the Territory.

Despite the affidavit, WICO maintains that Costa is subject to the jurisdiction of this Court under various theories. WICO avers that Costa transacted business in the Territory through an agency relationship, contracted to supply services here, derives substantial revenue from services rendered in the Virgin Islands and finally negligently caused injury in St. Thomas. See 5 V.I.C. § 4903. At best WICO's only support for these allegations is that it was foreseeable that Costa's alleged negligence in Florida might cause injury in the Virgin Islands. Foreseeability although a factor to be considered is never sufficient, standing alone, to establish personal jurisdiction. Plant Food Co-op v. Wolfkill Feed & Fertilizer, 633 F.2d 155, 159

---

[1] See affidavit of Luis F. Torres attached to Costa's motion to dismiss.

(9th Cir. 1980); see DeJames v. Magnificence Carriers, Inc., 491 F.Supp. 1276, 1279 (D.N.J. 1980).

■ This Court has power to exercise jurisdiction over a non-resident defendant so long as minimum contacts exist between the nonresident defendant and the Virgin Islands. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see U.S. Const. amend. XIV; Revised Organic Act of 1954 § 3. In order to determine whether "traditional notions of fair play and substantial justice" are satisfied, the Court must weigh a number of factors. Godfrey v. International Moving Consultants, Inc., 18 V.I. 60, 69 (D.C.V.I. 1980). See International Shoe Co. v. Washington, supra, at 316.

■ The relevant factors to be considered include the forum's interest in adjudicating the dispute, plaintiff's interest in obtaining a convenient forum, the Court's interest in efficient resolution of controversies and considerations of federalism. World-Wide Volkswagen Corp. v. Woodson, 286 U.S. at 292.

■■ In applying these factors to this case the balance weighs heavily against exercising jurisdiction. It appears from the record that Costa has no contacts with this jurisdiction. Majestic seeks to base jurisdiction on the fortuitous circumstance that cargo Costa handled more than 1000 miles away became the subject of a lawsuit here. Under that reasoning anyone who dealt with any goods which ultimately turned up in the Virgin Islands would be subject to suit. Personal jurisdiction cannot be solely premised on events that occur outside the forum. In order to be amenable to legal action in the Virgin Islands one must "purposely avail itself of the privilege of conducting activities [or activity] within the forum State." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

WICO maintains that the facts in this case are similar to those in Godfrey v. International Moving Consultants, 18 V.I. 60 (D.C.V.I. 1980) and therefore the holding in Godfrey is controlling. We find the cases to be distinguishable. Ocean Air, the party opposing jurisdiction in Godfrey had availed itself of the privileges of conducting business in the Virgin Islands. Although Ocean Air's contact with this forum was minimal, it was enough to satisfy due process requirements. On the other hand, it would offend traditional notions of fair play to force Costa to defend this action in the Virgin Islands when it has had no contact whatsoever in this jurisdiction.

■ The same considerations that made us determine that it was unfair to compel Virgin Islands plaintiffs to sue in mainland courts

for injuries caused in these islands by nonresident defendants who have contacts here, compel the conclusion that it is equally unfair to haul a nonresident defendant into the courts of this jurisdiction when the alleged negligent conduct occurred on the mainland, and the defendant has never been present in the Virgin Islands. See Hendrickson v. Reg-O Co., 1980 St. C. Supp. 104 (D.V.I. 1981); Godfrey v. International Moving Consultants, supra at 69–70. Accordingly, the motion to dismiss the third-party complaint for lack of personal jurisdiction will be granted.

## ORDER

The premise considered and the Court being duly advised

IT IS ORDERED that the motion by Costa International Freight to dismiss the third-party complaint against it be, and the same is hereby, GRANTED.